G. H. BRAINARD, Appellee, v. THE CHICAGO, ROCK ISLAND
& PAC. RAILWAY COMPANY, Appellant.

**Drainage:** ABANDONMENT OF WATER COURSE: RIGHT TO REOPEN SAME.
Although a railway company may have abandoned a culvert in its
right of way and thereby have changed the natural course of sur-
face water, and an adjacent owner has acquiesced therein and im-
proved his premises with reference thereto, still the company may
reopen the culvert and permit the water to flow across the land
of the adjacent owner in its original course.

*Appeal from Keokuk District Court.*—HON. B. W. PRES-
TON, Judge.

THURSDAY, JUNE 8, 1911.

ACTION in equity to restrain the defendant from open-
ing a culvert or drain across its right of way. Decree as
prayed, and defendant appeals. *Reversed.*

*Carroll Wright, J. L. Parrish, J. H. Johnson* and
*Stockman Baker,* for appellant.

*C. M. Brown,* for appellee.

WEAVER, J.—The land affected by the drainage in
question slopes from north to south, and is crossed from
east to west by defendant's railway. The plaintiff owns
the tract immediately south of the right of way, and his
wife holds the title to the land adjoining on the north. At
the time of the construction of the railroad, many years
ago, there was a natural depression or waterway crossing
the right of way at or near the point now in controversy
and extending in a southerly direction to the Skunk river.

In building its grade the company placed a culvert therein to afford passage for water making its way along this natural course. At another point sixty to eighty rods east of this culvert, the railway crossed another depression over which its track was carried on an open trestle, which also afforded passage for water draining to the south. In time the water coming from the north in the course first mentioned instead of discharging through the culvert appears to have found or made its way along a borrow pit or ditch on the north side of the railway grade or fill to the trestle under which it passed, and thence in a substantially direct line south to the river. Later the railway company filled the culvert, since which time the drainage has been entirely through the eastern opening. This condition it is alleged has been maintained for about fifteen years, and plaintiff claims to have adjusted the use and occupancy of his land with reference thereto. Recently, however, the railway company has filled the space formerly occupied by the trestle with a solid embankment in which it maintains a culvert and has signified its intention to open another culvert at or near the site of one which was abandoned on the line of the west watercourse.

To the opening of this culvert plaintiff objects, and brings this action to prevent it. Plaintiff also complains that the culvert which has been substituted for the trestle is of insufficient capacity to permit proper drainage of the land on the north side of the right of way, and asks a mandatory injunction for its enlargement. In an amendment to his petition plaintiff undertook to plead an agreement, express or implied, between his grantor and the railway company for the closing of the culvert on the west and the discharge of all the drainage through the trestle on the east, but this allegation was subsequently withdrawn and all claim thereunder waived. There being no claim of contract, express or implied, the sole remaining question is whether the defendant, having abandoned the culvert in

the west waterway for more than ten years, may now reopen it, and permit the water to flow across plaintiff's land in its original or natural course. Were the question an open one, some members of the court would be inclined to hold that the defendant having adopted a plan for the disposal of the surface drainage differing from its natural course, and plaintiff having acquiesced therein for more than ten years, and the lands of both parties having been used, occupied, and improved with reference thereto without objection on either side, each has become vested with a right to have such modified conditions maintained, and neither would have the right to demand the reopening of drainage in the original course. Such appears to be the rule recognized in *Brown v. Armstrong,* 127 Iowa, 175. But, as applied to drainage through or across railway grades, our prior decisions have expressly committed us against the position taken by the plaintiff and affirmed by the decree of the trial court. See *King v. Railroad Co.,* 71 Iowa, 696; *Bones v. Railroad Co.,* 145 Iowa, 222. Without attempting to review the cited cases, it is sufficient to say they are not to be distinguished in principle from the one now before us.

If we adhere to these precedents, as we think we must, it follows that the injunction ordered by the court below can not be sustained, and the decree appealed from must be *reversed.*